■ In the Matter of MARJORIE LEVINSON, Appellant, v COUNTY OF ORANGE et al., Respondents.—In a hybrid action for a judgment declaring Local Laws, 1990, No. 11 of the County of Orange unconstitutional, and proceeding pursuant to CPLR article 78 to review a determination of the Board of Ethics of Orange County dated June 28, 1991, which denied the appellant's request for a waiver of the financial disclosure requirements of that local law, the appeal is from an order and judgment (one paper) of the Supreme Court, Orange County (LaCava, J.), dated October 11, 1991, which (1) declared that Local Laws, 1990, No. 11 of the County of Orange is constitutional as enacted and as applied to the plaintiff, and (2) granted the respondents' motion to dismiss the demand for relief pursuant to CPLR article 78.

Ordered that the order and judgment is affirmed, with costs.

The appellant is a "social caseworker" employed by the Orange County Department of Social Services. Beginning in 1991, all social caseworkers were required, pursuant to Local Laws, 1990, No. 11 of the County of Orange, to file an annual financial disclosure form with the Board of Ethics of Orange County (hereinafter the Board). The appellant applied for a waiver of the financial disclosure requirements of the local law on the grounds that the law is unconstitutional and, in any event, inapplicable to social caseworkers. The Board denied the appellant's application, finding that, since the Orange County Legislature had decided to include social case-

workers on the list of positions to which the law would apply, its decision should not be overruled. The appellant then commenced this hybrid action for a judgment declaring the local law unconstitutional and proceeding pursuant to CPLR article 78 to review the Board's determination.

Local Laws, 1990, No. 11 of the County of Orange, § 4 (7) provides, in pertinent part, that "[i]f [a] person presents to the Board of Ethics sufficient reasons why he or she should not be required to file [an annual statement of financial disclosure] the Board of Ethics may grant a waiver".

The appellant's request for a waiver was made in a conclusory and summary fashion. In her application, the appellant merely averred that she did not perform any of the functions enumerated in the local law which would require her to file a financial disclosure form. The appellant failed to specify why she, as opposed to the other members of the class of social caseworkers, should be exempt from the disclosure requirements of the local law. Since the appellant failed to present the Board with "sufficient reasons why * * * she should not be required to file", the denial of her application was not arbitrary and capricious (see, CPLR 7803 [3]).

The appellant's remaining contentions do not warrant a contrary result. Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.